UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BOBBY EARL KEYS,**

    **Petitioner,**

v.                                                                Case No.: 5:22-cv-548-CEM-PRL

**WARDEN, FCC COLEMAN-LOW,**

    **Respondent.**

                                           /

**ORDER**

THIS CAUSE is before the Court on Petitioner Bobby Earl Keys' Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C § 2241. Respondent filed a Motion to Dismiss in response to the Petition. ("Motion to Dismiss," Doc. 6). Petitioner did not reply. Petitioner asserts that the Federal Bureau of Prisons ("BOP") has failed to award the applicable time credits under the First Step Act ("FSA"). (*Id*.). For the reasons set forth below, the Petition will be dismissed as moot.

**I.**     **BACKGROUND**

Petitioner is a former federal inmate that was most recently housed at the Federal Correctional Complex Coleman-Low within the Middle District of Florida. Petitioner was serving a 150-month term of imprisonment imposed in June 2012, in

the United States District Court for the Southern District of Mississippi. (Doc. 6 at 1); *United States v. Keys*, Case No. 1:11-cr-79-HSO-JMR (S.D. Miss.).

The Petition was filed on November 9, 2022. (Doc. 1). For relief, he requests the BOP "award 412 days FSA Time Credits and advanced [sic] the [Residential Reentry Center's] placement date…" (*Id*. at 5). A review of the BOP's online Inmate Locator reflects that Petitioner was released from federal custody on February 24, 2023.[1]

Respondent moves for dismissal of the Petition as moot. (Doc. 6). Respondent maintains that Petitioner has already obtained the relief sought in this action because the BOP awarded him with 365 days, the statutory maximum of program-based timed credits. *See* Doc. 6 at 1; Doc. 6-1 at 2–3. Respondent contends that this Court cannot provide any further relief to Petitioner, therefore the Petition is moot.

## II.   ANALYSIS

A claim must be dismissed as moot if the issue presented is no longer "live," such that courts cannot grant meaningful relief. *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 habeas petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country); *Powell v. McCormack*, 395 U.S. 486,

---

[1] Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 8, 2023).

496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). When a party "has already received the relief that he is seeking from this Court . . . the issue is no longer live." *United States v. Beltran-Gabito*, 280 F. App'x 861, 863 (11th Cir. 2008) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)).

Petitioner did not respond to Respondent's Motion to Dismiss. Based on the undisputed record before this Court, Petitioner has obtained the relief he seeks, and this action is now moot.[2] *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (holding that an "actual controversy" must exist through "all stages" of the litigation).

### III.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot**.

2. The Motion to Dismiss (Doc. 6) is **DENIED as moot**.

---

[2] Alternately, due to Petitioner's release from custody, the Petition is due to be dismissed as moot because it no longer meets the "case-or-controversy" requirement. Pursuant to the case-or-controversy requirement of Article III, Section 2 of the United States Constitution, federal courts may only adjudicate "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement subsists through all stages of federal judicial proceedings," meaning that "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotes omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Where it is impossible to grant any effectual relief, a case becomes moot. *Knox v. Servs. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012). Once Petitioner was released from prison and discharged from this district court's jurisdiction, any controversy ceased to exist. Petitioner has already obtained the relief his Petition seeks: relief from custody.

3. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on May 15, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Unrepresented Party